UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BRILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., a corporation,<br><br>Defendant. | No. 05 C 2713<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Brill, filed a class action suit in the Circuit Court of Cook County, Illinois, alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3) ("TCPA"), and a common law claim under Illinois law for conversion against Defendant, Countrywide Home Loans, Inc. Subsequently, Defendant removed Plaintiff's claims to federal court. Presently pending before the Court is Plaintiff's Motion for Remand.

### BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the Defendant.

Brill is a resident of Cook County, Illinois. Countrywide is a corporation chartered under New York law doing business and maintaining offices in Naperville, Illinois.

On June 4, 2004, Robert Brunke, an employee of Countrywide, sent an unsolicited advertisement to approximately 3,800 fax machines located in Illinois, including Brill's personal fax machine. Brill's fax machine, toner and paper were used to print the advertisement.

Plaintiff's TCPA class action suit filed in the Circuit Court of Cook County, Illinois was removed by Defendant to federal court based on the Class Action Fairness Act ("CAFA") and federal question jurisdiction.

## ANALYSIS

Plaintiff argues that the removed action should be remanded to state court because this Court lacks jurisdiction over the matter. Specifically, Plaintiff asserts that the claim does not meet the jurisdictional requirements of the CAFA for this Court to have jurisdiction over the claim.

In considering a motion to remand, a court's focus is restricted to its authority to hear the case pursuant to the removal statute. 28. U.S.C. § 1441. Whether removal was proper is determined from the record as a whole. *Casey v. Hinckley & Schmitt, Inc.*, 815 F.Supp. 266, 267 (N.D.Ill.1993); *Kennedy v. Commercial Carriers, Inc.*, 739 F.Supp. 406, 409 (N.D.Ill.1990). The party seeking to preserve the removal, not the party moving to remand, bears the burden of establishing that the court has jurisdiction. *Jones v. General Tire and Rubber Co.*, 514 F.2d 660, 664 (7th Cir. 1976). If the court finds that it does not have jurisdiction, then it must remand the case to state court. *Casey*, 739 F.Supp. at 267; *Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F.Supp. 449, 452 (N.D.Ill.1991).

Defendant removed Plaintiff's claim of a violation of the TCPA, claiming that Plaintiff had brought a class action under the CAFA. CAFA amended the diversity jurisdiction requirement of 28 U.S.C. § 1332 so that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A violation of the TCPA allows an injured party "to

receive $500 in damages for each such violation." 47 U.S.C. § 227(b)(3)(B). If the court finds the defendant willfully violated the TCPA, "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount." 47 U.S.C. § 227(b)(3).

The issue is whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. "In a removed case, the removing party must establish jurisdiction by evidence that proves a reasonable probability that jurisdiction exists – a reasonable probability that damages could exceed [a required minimum]." *Stamm v. Apple Computer, Inc.*, No. 04 C 8242, 2005 WL 1307797 (N.D. Ill. March 22, 2005). Where there is a dispute as to the jurisdictional amount in controversy, the party seeking the federal forum has the burden of coming forward with competent proof to establish at least a reasonable probability that the amount-in-controversy requirement is satisfied. *King v. Wal-Mart Stores*, 940 F.Supp. 213, 216 (S.D. Ind. 1996). Even though it is possible that a "plaintiff's allegations in the complaint could satisfy the jurisdictional amount in controversy," such speculation does not "satisfy the reasonable probability standard." *King*, 940 F.Supp at 216; *NLFC, Inc. v. Decom Mid-America Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *Shaw v. Dow Brands*, 994 F.2d 364 (7th Circuit); *Reason v. General Motors Corp.*, 896 F.Supp 829 (S.D. Ind. 1995); *Harmon v. OKI Systems*, 902 F.Supp. 176, 178 (S.D. Ind. 1995).

Defendant argues that Plaintiff pled for an award of treble damages, thereby increasing the amount of the controversy above the jurisdictional threshold. Plaintiff alleged that "if the evidence shows the violation was willful, plaintiff requests trebling of the damages." (Therefore, 3,800 faxed violations X 1,500 willful violations > $5 million.) Complaint ¶ 13. However, Plaintiff does not allege that Brunke's actions were willful, nor does Plaintiff allege Brunke's actions were authorized by Countrywide. Furthermore, Defendant provides no evidence to suggest a reasonable probability

3

that a favorable judgment will award Plaintiff treble damages. Defendant has failed to come forward with competent proof to establish at least a reasonable probability that the amount in controversy requirement is satisfied. Therefore, the controversy does not exceed the jurisdictional threshold under CAFA.

Defendant argues that federal jurisdiction also exists as an independent basis of diversity jurisdiction under 28 U.S.C. § 1332 or under federal question jurisdiction authorized by 28 U.S.C. § 1331. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The TCPA expressly provides an exception to the applicability of federal jurisdiction statutes over private claims brought under the Act. "A person or entity may, if otherwise permitted by laws or rules of court of a State, bring in an appropriate court of that State . . . ." 47 U.S.C. § 227(b)(3). Other courts have interpreted the language of the Act as excluding federal jurisdiction over TCPA claims. The Seventh Circuit has not ruled on this issue. However, "[c]ourts of appeal having addressed the issue have consistently held that the TCPA does not grant federal court jurisdiction over private causes of action brought pursuant to that Act." *Gottlieb v. Carnival Corp.*, 367 F.Supp.2d 301, 307 (E.D.N.Y. 2005); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 156 F.3d 432, 434 (2nd Cir. 1998) (*Foxhall*). "We join the Second, Third, Fourth, Fifth and Eleventh Circuits in the somewhat unusual conclusion that state courts have exclusive jurisdiction" over private actions brought under the TCPA. *Murphey v. Lanier*, 204 F.3d

4

911, 915 (9th Cir. 2000) (*Murphey*). "Six courts of appeal and three judges in this district however have considered this issue, and all come to the somewhat unusual conclusion that there is exclusively state court jurisdiction for a private right of action under 47 U.S.C. § 227(b)(3)." *Repay v. Flag Co.*, 326 F.Supp.2d 884, 885 (N.D.Ill. 2004); *Murphey*, 204 at 915; *Foxhall*, 156 F.3d at 434; *ErieNet v. VelocityNet, Inc.*, 156 F.3d 513 (3rd Cir. 1998). The TCPA limits jurisdiction to the state courts to hear private claims arising under the Act.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Remand is granted.

Dated: September 8, 2005

JOHN W. DARRAH
United States District Judge