IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BRILL, | ) | |
| | ) | 05 C 2713 |
| Plaintiff, | ) | Judge Darrah |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT AND NOTICE TO THE CLASS**

Plaintiff James Brill ("Plaintiff") respectfully requests that the Court enter an order: (i) certifying a class for settlement purposes; (ii) granting preliminary approval of the Class Settlement Agreement ("Agreement") in the form of <u>Exhibit A</u> to the Agreement; and (iii) appointing James Brill as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as class counsel.  In support of this motion, Plaintiff states as follows:

1.      Plaintiff filed the above captioned lawsuit against defendant, Countrywide Home Loans, Inc. ("Countrywide") alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and state law, by sending unsolicited facsimile advertisements to Plaintiff and other members of the class.

2.      Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible

1

outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiff and defendant entered into the Agreement.

      3.    The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Agreement and agree as follows:

      a.    <u>Class Certification</u>. The parties agree to the certification of a class for settlement purposes only, consisting of all persons or entities who in June 2004 had ownership, control or authority over a telephone number to which Robert Brunke of Countrywide Home Loans, Inc. sent a facsimile advertisement for EQUITY LOAN BALANCE TRANSFERS, in the form attached to the complaint as <u>Exhibit A</u>. According to the representations of defendant, there are approximately 3800 class members.

Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defensives of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for class certification is met.

      i. <u>Rule 23(a)(1) -- Numerosity</u>. Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. <u>Kulins v. Malco</u>, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); <u>Swanson v. American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); <u>Cypress v. Newport News General & Nonsectarian Hosp. Ass'n</u>, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); <u>Sala v. National R. Pass. Corp.</u>, 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

      In the present case, defendant has admitted that the facsimile at issue was sent to approximately 3800 telephone numbers. This plainly satisfies the numerosity requirement.

      ii. <u>Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate</u>. Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law <u>or</u> fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. <u>Blackie v. Barrack</u>, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of

the common issues will significantly advance the adjudication of the merits of all class members' claims.  McClendon v. Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v. Chicago Board Options Exchange, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987).  Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."  Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

(1) Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

(2) Whether defendant thereby violated the TCPA;

(3) Whether defendant thereby converted plaintiff's toner and paper; and

(4) Whether defendant thereby damaged plaintiff's toner and paper.

The settlement class is defined in terms of all persons or entities who in June 2004 had ownership, control or authority over a telephone number to which Robert Brunke of Countrywide Home Loans, Inc. sent a facsimile advertisement for EQUITY LOAN BALANCE TRANSFERS.

Several courts have certified class actions under the TCPA.  <u>Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare</u>, 03 CH 15165 (Cook Co. Cir. Ct.), <u>Telecommunications Design Network v. McLeodUSA, Inc.</u>, 03 CH 8477 (Cook Co. Cir. Ct.); <u>CE Design v. The Trade Show Network Marketing Group, Inc.</u>, No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH14510 (Cook Co. Cir. Ct.); <u>Bogot v. Olympic Funding Chicago</u>, No. 03 CH 11887 (Cook Co. Cir. Ct.); <u>Rawson, et. al., v. Robin Levin d/b/a The Ridgewood Organization</u>, 03 CH 10844 (Cook Co. Cir. Ct.), for settlement purposes; <u>Kerschner, et. al., v. Answer Illinois, Inc.</u>, 03 CH 21621 (Cook Co. Cir. Ct.), for settlement purposes; <u>Kerschner, et. al., v. Murray and Trettel, Inc. and John Does 1-10</u>, 03 CH 21621 (Cook Co. Cir. Ct.), for settlement purposes; <u>Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc.</u>, 03 CH 15167 (Cook Co. Cir. Ct.), for settlement purposes; <u>Law Office of Martha J. White, P.C. v. Morrissey Agency Inc.</u>, 03 CH 13549 (Cook Co. Cir. Ct.), for settlement purposes; <u>Kerschner, et. al., v. Fitness Image, Inc., Rommey Abdallah, and Bottom Line Sales Systems, Inc.</u>, 04 CH 00331 (Cook Co. Cir. Ct.), for settlement purposes; <u>INSPE Associates, Ltd., et al. v. Charter One Bank,</u> 03 CH 10965  (Cook Co. Cir. Ct.), for settlement purposes;  <u>Bernstein v. New Century Mortgage  Corp.</u>, 02 CH 06907 (Cook Co. Cir. Ct.), for settlement purposes; <u>Gans v Seventeen Motors,  Inc.</u>, No. 01-L-478 (Ill.Cir. Ct.), for settlement purposes; <u>Nicholson v. Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); <u>ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.</u>, 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); <u>Core Funding Group, LLC v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003) (same); <u>Biggerstaff v. Ramada Inn and Coliseum</u>, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); <u>Biggerstaff v. Marriott International, Inc.</u>, 99-CP-10-

001366, (C.P. S.C., Feb 20, 2000) (same); Gold Seal v. PrimeTV, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); Jemiola v. XYZ Corp., No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); Salpietro v. Resort Exchange International, No. GD00-9071 (Allegheny Co. C.P.)(same); WPS, Inc. v. Lobel Financial, Inc., No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); Kenro, Inc. v. APO Health, Inc., No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); Syrett v. Allstate Ins. Co., No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); Lipscomb v Wal-Mart Stores, Inc., No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); Battery, Inc. v. United Parcel Service, Inc., No. 01-CP-10-2862 July 26, 2002) (same); Chaturvedi v. JTH Tax, Inc., No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); Dubsky v Advanced Cellular Communications, Inc., No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); Inhance Corp. v. Discount Vacation Rentals, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); Inhance Corp. v. Special T Travel Services, Inc., No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same).

      iii.    Rule 23(a)(3) – Typicality. Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the named Plaintiff, namely they are each persons or entities who in June 2004 received an unsolicited facsimile

6

advertisement from Robert Brunke of Countrywide Home Loans, Inc. sent a facsimile advertisement for EQUITY LOAN BALANCE TRANSFERS.

        iv. <u>Rule 23(a)(4) -- Adequacy of Representation</u>.  The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. <u>Rosario v. Livaditis</u>, 963 F.2d 1013, 1018 (7th Cir. 1992).

  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Counsel's qualifications are set forth in <u>Appendix I</u>.   Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

        v. <u>Rule 23(b)(3)  -- Class Action Is Superior to Other Available Methods of Resolving This Controversy</u>.   A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions.  "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group."  <u>Brady v. LAC, Inc.</u>, 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

  The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit.  This is particularly important where, as here, a large number of small and medium sized claimants may be involved.**

> **In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

        b.    <u>Class Notice</u>.  Within 30 days of the Court's preliminary approval of the Agreement, plaintiff will give or cause to be given notice ("Summary Notice") of the settlement, in the form of <u>Exhibit B</u> to the Agreement, to the Class.  Plaintiff's counsel will send the Summary Notice of the settlement described herein via facsimile transmission to the facsimile number to which the facsimile at issue in June 2004.  Any class member shall be entitled to request a copy of the full class notice ("Full Notice"), in the form of <u>Exhibit C</u> to the Agreement.

        c.    <u>Class Members' Right to Opt Out</u>. Any Class member may seek to be excluded from the Agreement and the lawsuit by opting out of the Class within the time period set by this Court. Any member who opts out of the Class shall not be bound by any prior

Court order or the terms of the Agreement and shall not be entitled to any of the monetary benefits set forth in the Agreement.

        d.     <u>Claim Form</u>. In order to the receive consideration provided under the settlement, each class member must timely return a claim form which will be provided with the Summary Notice or the Full Notice.

        e.     <u>Relief to Plaintiff and the Class</u>.

        (1)     Defendant agrees to pay $175,000 - $450,000 to settle the claims of plaintiff and the class. Each class member who does not exclude his or herself and who timely returns a participation form, will receive a pro rata share of the class recovery. The value of each valid claim initially shall be $400.00. If the number of valid claims would result in a payment by the defendant in an amount greater than $450,000, than the value of each valid claim shall be reduced pro rata so that the total value of all claims in the aggregate does not exceed $450,000. Conversely, if the total number of valid claims would result in a payment by the defendant in an amount less than $175,000, than the value of each valid claim shall be increased pro rata so that the total value of all claims in the aggregate does not fall below $175,000.

        (2)     Plaintiff's counsel shall receive, subject to Court approval, attorney's fees and costs of 25% of the value of all valid claims. Defendant agrees not to oppose an application for attorney's fees and costs of 25% or less which shall include the payment of an incentive award, also to be approved by the Court, to the Class Representative.

    4.  Counsel for plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

    WHEREFORE, plaintiff respectfully requests that this Court enter an order in the form of <u>Exhibit A</u> to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) appoints James Brill as Class Representative and Edelman, Combs, Latturner & Goodwin, LLC ("ECLG") as class counsel; (iii) directs the faxing of notice, in the form of <u>Exhibit B</u> to the Agreement, and (iv) sets dates for opt-outs, objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

             Respectfully submitted,

             <u>s/Julie Clark</u>
             Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

     I, Julie Clark, certify that on February 17, 2006, a copy of this document was served via the Court's ECF system to the following party:

Howard L. Teplinsky, Esq.
hteplinsky@otrlaw.com

     I, Julie Clark, certify that on February 17, 2006, I caused a true and accurate copy of this document to be served via US mail upon the following party:

Thomas M. Hefferon, Esq.
GOODWIN PROCTER LLP
901 New York Ave.  N.W.
Washingtion, D.C. 20001

                                                                s/Julie Clark
                                                                Julie Clark